# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SEBASTIAN CORDOBA, individually and on behalf of all others similarly-situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| vs. | ) ) | 1:15-CV-03755-MHC |
| DIRECTV, LLC, individually and as successor through merger to DIRECTV, Inc., | ) ) ) ) | |
| Defendant. | ) ) ) | |

_____

## REPLY IN SUPPORT OF PLAINTIFF'S
## <u>MOTION FOR CLASS CERTIFICATION</u>

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................1

II.    PLAINTIFF AND DIRECTV RELY UPON COMMON EVIDENCE. .......1

    A.     Call Records Are Common Evidence. ................................................2

    B.     Telecel Did Not Comply with DNC Requirements. ............................3

    C.     DIRECTV and Telecel Had a Standard Contractual
         Relationship. ......................................................................................3

    D.     DIRECTV's Critiques of Plaintiff's Common Evidence Are
         Unavailing. .........................................................................................4

         1.     The Possibility of Business Numbers Does Not Defeat
             Class Certification. ..................................................................4

         2.     The Possibility of DIRECTV Customers In the Proposed
             Classes Does Not Defeat Class Certification. ...........................5

III.   PLAINTIFF HAS STANDING. .....................................................7

IV.    PLAINTIFF SATISFIES NUMEROSITY. .....................................10

V.     PLAINTIFF SATISFIES ASCERTAINABILTY ..............................10

VI.    PLAINTIFFS MEET THE COMMONALITY STANDARD. ..................12

VII.   PLAINTIFFS MEET THE TYPICALITY AND ADEQUACY
       STANDARDS. ......................................................................13

VIII.  PLAINTIFFS MEET THE PREDOMINANCE STANDARD. .................13

IX.    TRIAL OF THE PROPOSED CLASSES' CLAIMS IS
       MANAGEABLE AND SUPERIOR TO INDIVIDUAL ACTIONS. .........15

X.     APPOINTMENT OF CLASS COUNSEL IS APPROPRIATE. .................15

XI.    CONCLUSION ........................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abdeljalil v. Gen. Elec. Capital Corp.*,
   306 F.R.D. 303 (S.D. Cal. 2015) ....................................................................13

*Birchmeier v. Caribbean Cruise Line, Inc.*,
   302 F.R.D. 240 (N.D. Ill. 2014).............................................................11, 16

*Chapman v. Wagener Equities, Inc.*,
   No. 09 C 07299, 2014 WL 540250 (N.D. Ill. Feb. 11, 2014) ......................4, 15

*Church v. Accretive Health, Inc.*,
   654 F. App'x 990 (11th Cir. 2016).....................................................................9

*Golan  v. Veritan Ent. LLC.*,
   No. 4:14CV00069 ERW, 2017 WL 193560, (E.D. Mo. Jan. 18,
   2017) ................................................................................................................14

*Hawk Valley, Inc. v. Taylor*,
   301 F.R.D. 169 (E.D. Pa. 2014)..........................................................................4

*Hinman v. M and M Retail Ctr., Inc.*,
   545 F. Supp. 2d 802 (N.D. Ill. 2008).................................................................18

*Holcombe v. DIRECTV, LLC*,
   159 F. Supp. 3d 1337 (N.D. Ga. 2016)................................................................6

*Ira Holtzman, C.P.A. v. Turza*,
   728 F.3d 682 (7th Cir. 2013) .....................................................................1, 14

*Johnson v. Yahoo!, Inc.*,
   No. 14 CV 2028, 2016 WL 25711 (N.D. Ill. Jan. 4, 2016) ..............................13

*Krakauer v. Dish Network L.L.C.*,
   311 F.R.D. 384 (M.D.N.C. 2015).......................................................... passim

*Krakauer v. Dish Network, L.L.C.*,
   No. 1:14-CV-333, 2015 WL 5227693 (M.D.N.C. Sept. 8, 2015)....................13

*Kristensen v. Credit Payment Servs.*,
   12 F. Supp. 3d 1292 (D. Nev. 2014)...................................................................4

*LaVigne v. First Cmty. Bancshares, Inc.*,
   No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992 (D.N.M. Oct. 19,
   2016) ..................................................................................................................9

*Lee v. Stonebridge Life Ins. Co.*,
   289 F.R.D. 292 (N.D. Cal. 2013).........................................................4, 14, 15

*Mendez v. C-Two Grp., Inc.*,
   No. 13-CV-05914-HSG, 2015 WL 8477487 (N.D. Cal. Dec. 10,
   2015) ..................................................................................................................4

*Murray v. U.S. Bank Nat'l Trust Ass'n*,
   365 F.3d 1284 (11th Cir. 2004) .......................................................................10

1333787.7

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*,
  781 F.3d 1245 (11th Cir. 2015) ............................................................9

*Patriotic Veterans, Inc. v. Zoeller*,
  No. 16-2059, 2017 WL 25482 (7th Cir. Jan. 3, 2017)...............................10, 11

*Rogers v. Capital One Bank (USA), N.A.*,
  No. 1:15-CV-4016-TWT, 2016 WL 3162592 (N.D. Ga. June 7,
  2016) .............................................................................................9

*Rumsfeld v. Forum of Academic and Institut. Rights, Inc.*,
  547 U.S. 47 (2006) ...........................................................................10

*Savanna Grp., Inc. v. Trynex, Inc.*,
  No. 10–cv–7995, 2013 WL 66181 (N.D. Ill. Jan. 4, 2013) .........................16

*Sherman v. Yahoo! Inc.*,
  No. 13cv0041, 2015 WL 5604400 (S.D. Cal. Sept. 23, 2015).......................13

*Southwell v. Mortg. Inv'rs Corp. of Ohio*,
  No. C13-1289 MJP, 2014 WL 3956699 (W.D. Wash. Aug. 12,
  2014) .........................................................................................6, 13

*Stevens-Bratton* v. *Trugreen, Inc.*,
  No. 16-5161, 2017 WL 108032 (6th Cir. Jan. 11, 2017) .............................7

*United States v. Dish Network*,
  75 F. Supp. 3d 942 (C.D. Ill. 2014) .......................................................6

*United Steel Workers v. Conoco-Phillips Co.*,
  593 F.3d 802 (9th Cir. 2010) ..............................................................17

*Wagner v. CLC Resorts & Dev., Inc.*,
  32 F. Supp. 3d 1193 (M.D. Fla. 2014).................................................8, 11

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011).......................................................................16

*Zeidel v. YM LLC USA*,
  No. 13-CV-6989, 2015 WL 1910456 (N.D. Ill. Apr. 27, 2015).......................7

## STATUTES

105 Stat 2394 § 2 ...............................................................................8

## RULES

Fed. R. Civ. P. 23(b)(3) ..............................................................12, 13, 14, 15

## REGULATIONS

47 C.F.R. § 64.1200(d) ......................................................................7, 9

- iii -

## I.     INTRODUCTION

The core argument DIRECTV raises to oppose class certification is straightforward:  that Plaintiff lacks proof to ascertain the two proposed Classes. However, Plaintiff *and DIRECTV* rely upon on the same three types of *common* proof:  (1) company call records, (2) Telecel testimony and complete lack of required practices, and (3) a standard contractual relationship and oversight of DIRECTV over Telecel.  Such common proof is widely accepted and supports class certification in TCPA class actions involving do-not-call list allegations.  *See, e.g.*, *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 387 (M.D.N.C. 2015) (certifying nationwide TCPA NDNC and IDNC classes).  Indeed, although Plaintiff relied heavily upon *Krakauer*, DIRECTV largely ignores that and other cases certifying TCPA class actions based upon similar common evidence that will prove (or disprove) liability on a classwide basis.  *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) ("Class certification is normal in litigation under § 227, because the main questions . . . are common to all recipients.").

The answers to common questions will not, indeed cannot, vary among or between class members.  This case meets that standard, as even DIRECTV's opposition makes clear.  Class certification is therefore appropriate.

## II.     PLAINTIFF AND DIRECTV RELY UPON COMMON EVIDENCE.

This is a simple case.  DIRECTV's authorized telemarketing agent, Telecel,

called 926 numbers registered on the NDNC list and failed to implement required

procedures to honor IDNC requests.  Plaintiff seeks certification of two Classes of

persons who received DIRECTV telemarketing calls from Telecel.  Plaintiff and

DIRECTV marshal the same evidence supporting resolution on a class wide basis:

company call records; company testimony and documents regarding Telecel's

calling practices; and a standard contractual relationship between DIRECTV and

Telecel.  This common evidence supports class certification.

## A.     Call Records Are Common Evidence.

Plaintiff proposes two precisely defined, carefully circumscribed classes

consisting only of individuals who received DIRECTV telemarketing calls.

Plaintiff obtained call data directly from Telecel and confirmed that it contains

exclusively calls marketing DIRECTV's service.  Telecel Aff., ¶¶ 3-6; Hutchinson

Decl. Ex. A, Wilson Aff., ¶¶ 5-19.[1] It is ***uncontested*** that Telecel (a) called 926

telephone numbers registered on the NDNC List at least twice, and (b) called

16,870 telephone numbers at least twice while it failed to maintain any IDNC list.

---

[1] In a sign of desperation, DIRECTV accuses Plaintiff's counsel of fabricating
evidence in an affidavit negotiated by Telecel's counsel, and signed and sworn to
by Telecel.  Dkt. 70 at 14-16.  With this Reply, Plaintiff submits an affidavit from
attorney G. Taylor Wilson proving that DIRECTV's accusations are false.  In fact,
Telecel's owner and attorney confirmed orally and in writing before certifying the
call data that each call was a DIRECTV marketing call.  Wilson Aff. ¶¶ 13, 16-19;
Dkt. 70-4 at 2-4.  To the extent the Court has any further questions, Plaintiff
respectfully requests that the Court order Telecel's representative and attorney to
appear in person for an evidentiary hearing.

1333787.7

DIRECTV's expert does not dispute these numbers.  Dkt. 70-9 ¶ 40 ("I agree with Ms. Verkhovskaya's count of the total number of records.").  Instead, she argues that the call data is unreliable because of contradictory, self-serving testimony from Telecel's representative.  *But see generally* Wilson Aff.  The reliability of these ex-post-facto statements can be determined by testimony from a single witness.  If given any weight, it is still *common* evidence that supports class certification.  Whether it supports Plaintiff's or DIRECTV's position is a merits decision, but is not relevant to class certification.

### B.  Telecel Did Not Comply with DNC Requirements.

Plaintiff and DIRECTV *agree* that Telecel did not maintain any do-not-call list. Dkt. 63 at 6; Dkt. 70 at 2.  This uniform practice is common evidence.

### C.  DIRECTV and Telecel Had a Standard Contractual Relationship.

Plaintiff presents common evidence that DIRECTV had a contractual relationship with Telecel that included required oversight by DIRECTV.  Dkt. 63 at 7-9.  DIRECTV's opposition supports that standard contractual relationship. Dkt. 70 at 1-2.  Such vicarious liability evidence supports class certification.[2]

---

[2] Courts frequently certify TCPA class cases involving vicarious liability allegations.  *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 295 (N.D. Cal. 2013) (certifying TCPA vicarious liability class action); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 188 (E.D. Pa. 2014) (same); *Mendez v. C-Two Grp., Inc.*, No. 13-CV-05914-HSG, 2015 WL 8477487, at *7 (N.D. Cal. Dec. 10, 2015) (common question of "whether Defendants are vicariously liable for

*Footnote continued on next page*

DIRECTV's conduct was willful and/or knowing, as DIRECTV was aware of Telecel's do-not-call violations.  Dkt. 63 at 8-9.  Yet, even after Plaintiff filed this lawsuit, DIRECTV still employs Telecel despite Telecel's failure to make any requisite practice changes.  DIRECTV's uniform failure to address known TCPA violations supports class certification.

###   D.   DIRECTV's Critiques of Plaintiff's Common Evidence Are Unavailing.

The analysis and methodology employed by Plaintiff's expert Anya Verkhovskaya is reliable and sound; DIRECTV has not challenged its admissibility. *See Krakauer,* 311 F.R.D. 384 (relying upon her testimony to certify NDNC and IDNC classes).  It suffices to establish the common questions of (1) whether Telecel called Class members registered on the NDNC list and (2) whether Telecel called Class members while not maintaining an IDNC list.  The recycled critiques by DIRECTV's expert have been rejected in similar TCPA cases.

###   1.   The Possibility of Business Numbers Does Not Defeat Class Certification.

DIRECTV argues that the inclusion of potential business numbers defeats class certification.  Dkt. 70 at 18.  Plaintiff's expert identified 13 such numbers

_____

*Footnote continued from previous page*

[telemarketer's] conduct" satisfied predominance); *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, at *11 (N.D. Ill. Feb. 11, 2014) (certifying class with common issue of "whether defendants are vicariously liable for the TCPA violations of [telemarketer]).

from the NDNC Class and 243 from the Minimum Procedures Violation Class.
*See* Hutchinson Decl. Ex. B, Verkhovskaya Rebuttal at 4-5.[3]  Plaintiff agrees to
exclude them entirely.

**2.    The Possibility of DIRECTV Customers In the Proposed
Classes Does Not Defeat Class Certification.**

DIRECTV asserts that the class lists may include its customers.  Dkt 70 at 4-
8.  As set forth in the separate Objection, because DIRECTV has not presented any
admissible evidence to support its assertion, that assertion must be disregarded.
DIRECTV's assertion does not defeat class certification for four additional
reasons:

First, the established business relationship (EBR) applies only to NDNC
claims.  Dkt. 70 at 7.  It is "an affirmative defense for which [the defendant] bears
the burden of proof."  *See United States v. Dish Network*, 75 F. Supp. 3d 942, 1008
(C.D. Ill. 2014).  *Southwell v. Mortg. Inv'rs Corp. of Ohio*, No. C13-1289 MJP,
2014 WL 3956699, at *5 (W.D. Wash. Aug. 12, 2014), which DIRECTV cites,

---

[3] Business numbers do not defeat class certification.  In *Krakauer*, defendant
claimed that plaintiff's expert did not remove businsess numbers from the class
list.  First, *Krakauer* noted that the defendant, like DIRECTV here, "has not
presented evidence to support these contentions."  *Id.* at 396.  Second, *Krakauer*
noted that the presence of a limited number of business numbers would not defeat
class certification so long as there are not "a great many persons."  *Id at 397.*
Third, *Krakauer* held:  "Even if resolution of these issues requires some
individualized inquiry, these issues are not complex and are entirely manageable."
*Id.*  The same is true here, where plaintiff's expert identified a small number of
business numbers and Plaintiff excluded them from the Classes.

holds that a defendant who, like DIRECTV here, has not produced a single signed contract with any Class member cannot meet that burden.

Second, DIRECTV customers can participate in the Minimum Procedures Violation Class.  Judge May recently held that that a customer's TCPA claim based on telemarketing "calls [that] attempt to sell new DIRECTV service" are *not* within the scope of DIRECTV's arbitration agreement.  *Holcombe v. DIRECTV, LLC*, 159 F. Supp. 3d 1337, 1343 (N.D. Ga. 2016).  The same is true here; Telecel made calls to sell *new* DIRECTV services.  DIRECTV's prior express consent argument fails for the same reason.  While DIRECTV alleges that certain customers signed contracts with "consent to receive business and informational calls ***relating to your Service***," Dkt. 70 at 7 (emphasis added), telemarketing calls for new services do not relate to customers' current service.  *Zeidel v. YM LLC USA*, No. 13-CV-6989, 2015 WL 1910456, at *3 (N.D. Ill. Apr. 27, 2015) ("consent is limited in scope to the purpose for which it was originally granted").[4]

Fourth, even if it becomes necessary to exclude DIRECTV customers from the Classes, both parties' experts can perform that straightforward process.  *See* Verkhovskaya  Rebuttal at 2-4; Dkt. 70-9 ¶ 49 (identifying 1,499 purported

---

[4] DIRECTV argues that even *former* customers must arbitrate and cannot be class members.  *See* Dkt. 70 at 23; 70-9 ¶ 52.  However, the Sixth Circuit recently rejected this same argument in a TCPA DNC case.  *See Stevens-Bratton* v. *Trugreen, Inc.*, No. 16-5161, 2017 WL 108032, at *4 (6th Cir. Jan. 11, 2017) (dispute did not arise under the contract  because "[t]he phone calls . . . occurred after the agreement expired.").

customer numbers).  The process simply entails:  (a) comparing the class list to DIRECTV's customer list and (b) excluding persons who were customers at the time they received DIRECTV telemarketing calls.  In *Krakauer*, the defendant also argued that the potential presence of defendant's customers on the class list defeated class certification.  *Krakauer* noted that the defendant, like DIRECTV here, provided "no evidence" and held that "unsubstantiated claims in a brief do not preclude class certification." *Id.* at 398.  Moreover, *Krakauer* found that "this defense can in fact be resolved on a class-wide basis, . . . by, for example, offering a comprehensible customer list." *Id.* ("To the extent resolution of this defense involves any inquiry into individual circumstances, such an inquiry is simple and mundane.").

## III.   <u>PLAINTIFF HAS STANDING.</u>

DIRECTV does not contest Plaintiff's standing, nor does it contest the standing of members of the NDNC Class.  Rather, DIRECTV asserts that absent Minimum Procedures Violation Class members lack standing.  DIRECTV is wrong.  DIRECTV ignores caselaw establishing standing for a plaintiff who received a telemarketing call from a company that did not have in place the minimum procedures required by 47 C.F.R. § 64.1200(d).  *See, e.g.*, *Wagner v. CLC Resorts & Dev., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014).

Most fundamentally, the Eleventh Circuit has directly held that a violation of

the TCPA is a concrete injury resulting in Article III standing.  *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015).  That law survives post-*Spokeo*.  *See Rogers v. Capital One Bank (USA), N.A.*, No. 1:15-CV-4016-TWT, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016); *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992, at *6 (D.N.M. Oct. 19, 2016) (detailing post-*Spokeo* cases holding that TCPA plaintiffs has standing and noting that "the list [of such cases] goes on.").  Indeed, in a recent post-*Spokeo* decision, the Eleventh Circuit cited *Palm Beach* with approval and reiterated its prior holding that, even with *Spokeo*'s guidance:  "An injury-in-fact, as required by Article III, may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."  *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 993 (11th Cir. 2016).  In enacting the TCPA, Congress explicitly found that "consumers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" and that such unrestricted telemarketing calls are "an intrusive invasion of privacy."  105 Stat 2394 at § 2 (5)-(6).  Accordingly, courts have held, time after time, that receipt of a telemarketing call constitutes a concrete harm.  *See, e.g.*, *Patriotic Veterans, Inc. v. Zoeller*, No. 16-2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("***Every call*** uses some of the phone owner's time and mental energy, both of which are precious.") (emphasis added).

Since the named plaintiff unquestionably has standing, DIRECTV argues

that Plaintiff must "establish[] that *the class* suffered concrete and particularized injury in order to confer Article III standing." Dkt. 70 at 12-13 (emphasis added). However, the Supreme Court has repeatedly held that "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum of Academic and Institut. Rights, Inc.*, 547 U.S. 47, 52, n.2 (2006). The same principle applies in the class action context. *Murray v. U.S. Bank Nat'l Trust Ass'n*, 365 F.3d 1284, 1288, n.7 (11th Cir. 2004). Even if a classwide showing of standing was necessary, Telecel's call records show that each Minimum Procedures Violation Class member received at least two calls telemarketing calls – a concrete harm that necessary drains the phone owner's precious time and mental energy. *See Zoeller*, 2017 WL 25482, at *2.

Finally, DIRECTV argues that each class member must conclusively prove she affirmatively requested that the calls stop. But that is not the law. *See* 47 C.F.R. § 64.1200(d); *Wagner*, 32 F. Supp. 3d at 1198. The failure to keep such a list makes each call actionable irrespective of affirmative requests not to be called. "If the Court were to deny certification because [the defendant] does not keep an accurate list as the regulations require. . . . it would create the perverse incentive for entities to keep poor records and to violate the TCPA's clear requirement that such a list be kept." *Krakauer*, 311 F.R.D. at 393; *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 250 (N.D. Ill. 2014) ("declining to certify a class

altogether, as defendants propose—would create an incentive for a person to violate the TCPA on a mass scale and keep no records of its activity, knowing that it could avoid legal responsibility for the full scope of its illegal conduct.").

## IV.   **PLAINTIFF SATISFIES NUMEROSITY.**

DIRECTV concedes numerosity.

## V.   **PLAINTIFF SATISFIES ASCERTAINABILTY.**

DIRECTV agrees that the ascertainability standard merely requires that a class be "adequately defined and clearly ascertainable," not that it be definitively ascertained at the class certification stage.  Dkt. 70 at 13.  Here, the class definitions are based on objective criteria.  The NDNC Class is limited to persons who received: (1) at least two calls made by Telecel; (2) between March 27, 2015 and March 3, 2016; (3) marketing DIRECTV's services; (4) while registered on the NDNC Registry.   The Minimum Procedures Violation Class is limited to persons received:  (1) at least two calls made by Telecel; (2) between March 27, 2015 and March 3, 2016; (3) marketing DIRECTV's services.  DIRECTV does not contest that the classes are objectively defined.

Plaintiff's expert identified a five-step process to ascertain the NDNC Class: First, she identified Telecel's call list.  Second, she identified numbers called more than once in a 12-month period.  Third, she used data from Nexxa to determine whether numbers were registered on the NDNC list when called.  Fourth, she

removed numbers assigned to businesses by using a Nexxa database.  Fifth (if

necessary), she can remove numbers assigned to DIRECTV customers by using

any records DIRECTV provides.  The *Krakauer* court found that the exact same

five-step process supports a finding of ascertainability.  *Krakauer*, 311 F.R.D. at

391.  This process distinguishes this case from *Southwell*.  *See Krakauer v. Dish

Network, L.L.C.*, No. 1:14-CV-333, 2015 WL 5227693, at *6-7 (M.D.N.C. Sept. 8,

2015) (admitting Verkhovskaya's expert report and distinguishing her work from a

different, unreliable expert in *Southwell*).[5]

   For the Minimum Procedures Violation Class, Plaintiff's expert identified a

four-step process.  First, she identified Telecel's call list.  Second, she identified

numbers called more than once in a 12-month period.  Third, she removed business

numbers.  Fourth, (if necessary), she can remove DIRECTV customer numbers.

The *Krakauer* court found that a similar process supports ascertainability.

*Krakauer*, 311 F.R.D. at 391; *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D.

303, 307-08 (S.D. Cal. 2015) (finding TCPA class ascertainable based on objective

four-step process); *Golan  v. Veritan Ent. LLC.,* No. 4:14CV00069 ERW, 2017

WL 193560, at *2 (E.D. Mo. Jan. 18, 2017) (list of phone numbers, names, and

---

[5] DIRECTV's citation to *Sherman v. Yahoo! Inc.*, No. 13cv0041, 2015 WL
5604400, at *6 (S.D. Cal. Sept. 23, 2015) is curious, because, in a subsequent
TCPA class action, Yahoo "concede[d] that the proposed classes are
ascertainable."  *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2016 WL 25711, at *2
(N.D. Ill. Jan. 4, 2016).

1333787.7

addresses satisfied ascertainability).

Because it has no response, DIRECTV ignores *Krakauer* and instead attacks

the verified call list produced by its own vendor—a vendor it still employs.  Dkt. 63 at

8-9.  Courts have little patience for a defendant's arguments that the records of its

agent were inaccurate.  *Turza*, 728 F.3d at 684-85.  ("The record establishes which

transmissions were received and which were not. . . .  [N]o reasonable juror could

conclude that these data are inaccurate.").  This common tactic has been uniformly

rejected in TCPA cases.  For example, in *Lee*, 289 F.R.D. at 295, the court held that

"factual issues can and should be addressed largely through merits-based discovery

into defendants' records."  *Id.*  The same is true here.  To the extent the Court has any

doubts about the reliability of Telecel's call data, such questions can be resolved in a

classwide trial wherein the credibility of Telecel's representative can be determined

by the factfinder.  Because all parties rely upon the same call data, it is most efficient

to proceed as a class action because "such merits issues do not warrant denial of class

certification."  *Id.*; *see also Chapman I*, 2014 WL 540250, at *10 (rejecting

speculative expert testimony that call records were unreliable where "the defendants

offer no concrete evidence that false positives actually occurred").

## VI.  <u>PLAINTIFFS MEET THE COMMONALITY STANDARD.</u>

Telecel undisputedly engaged in a uniform practice of making telemarketing

calls:  (1) to persons on the NDNC list and (2) without maintaining an IDNC list

and other required minimum procedures.  Whether the Telecel affidavit establishes the calls were "telemarketing calls" is a common issue that will be decided based on common evidence for all Class members.  Such practices in TCPA cases makes class certification appropriate (and even "the norm").  Questions regarding DIRECTV's liability are not only common, they predominate.  *See infra* Sec. VIII.

## VII.   PLAINTIFFS MEET THE TYPICALITY AND ADEQUACY STANDARDS.

DIRECTV concedes both typicality and adequacy.

## VIII.   PLAINTIFFS MEET THE PREDOMINANCE STANDARD.

Importantly, the Supreme Court has held, while Rule 23(b)(3) requires a showing that *questions* common to the class predominate, it does not require proof that those questions will be answered, on the merits, *in favor of* the class.  *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191, 185 L. Ed. 2d 308 (2013).  Therefore, any issue "'central to the validity of each one of the claims' in a class action, if it can be resolved 'in one stroke,' can justify class treatment." *Butler II*, 727 F.3d at 801 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).  In TCPA cases, courts "have agreed that the presence of some limited issues requiring individual inquiry do not defeat predominance."  *Savanna Grp., Inc. v. Trynex, Inc.*, No. 10–cv–7995, 2013 WL 66181, at *15 (N.D. Ill. Jan. 4, 2013) (citing cases).  A class trial can, and should, proceed against DIRECTV based upon common evidence of vicarious liability because "whether a particular

defendant [here, DIRECTV] is liable is not an *individual* issue among class members." *Birchmeier*, 302 F.R.D. 253 (emphasis in original); *see supra* footnote. 2.[6] Plaintiff respectfully submits that the facts here present precisely the type of efficiencies that Rule 23(b)(3) was designed to create.

DIRECTV provides six arguments against predominance.  None of them defeat class certification.  *First*, as discussed above, there is no requirement that standing be proved on a classwide basis (as DIRECTV cites none) and, if there were, harm can be shown classwide based on the receipt of telemarketing calls. *Second*, the assertion of individualized issues, without evidence, cannot defeat class certification.  *See also United Steel Workers v. Conoco-Phillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010) ("What a district court may not do is to assume, arguendo, that problems will arise, and decline to certify the class on the basis of a mere potentiality that may or may not be realized.").  *Third* and *Fourth*, DIRECTV has not produced any evidence of a signed customer agreement with any class member containing (a) a valid and enforceable arbitration agreement, (b) prior express consent to receive telemarketing calls, or (c) a EBR defense, but, if it does, such persons can, if necessary, be excised from the Classes.  *Fifth*, whether calls are "telemarketing calls" can be determined on a classwide basis based on the Telecel affidavit.  *Sixth*, business numbers have been removed from the Classes.

---

[6] Indeed, DIRECTV has not cited a single case denying class certification because of the alleged  presence of a vicarious liability defense.

## IX.   TRIAL OF THE PROPOSED CLASSES' CLAIMS IS MANAGEABLE AND SUPERIOR TO INDIVIDUAL ACTIONS.

As completion of the *Krakauer* class trial just proved, a class TCPA trial is manageable and superior to individual actions.  *See* Hutchinson Decl., Ex. C (1/19/17 Jury Verdict Sheet) (returning a verdict in favor of the class).  Here, because no class member received more than a few calls, the size of any individual class member's claim would be dwarfed by the expense of litigation, and many if not most class members would be unlikely to pursue their claims as individual actions.  *See, e.g. Hinman v. M and M Retail Ctr., Inc.,* 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008) (class trial "would be an efficient use of both judicial and party resources.").

## X.   APPOINTMENT OF CLASS COUNSEL IS APPROPRIATE.

DIRECTV does not challenge the appointment of Plaintiff's counsel as co-lead class counsel on behalf of any class that is certified.

## XI.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court certify the proposed Classes under Rule 23(b)(3).

1333787.7

Respectfully submitted,

Dated:  January 20, 2017

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

*/s/ Daniel M. Hutchinson*
Daniel M. Hutchinson (*pro hac vice*)
dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Jonathan D. Selbin (*pro hac vice*)
jselbin@lchb.com
Douglas I. Cuthbertson (*pro hac vice*)
dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

**L. LIN WOOD, P.C.**
L. Lin Wood
State Bar No. 774588
lwood@linwoodlaw.com
Nicole Jennings Wade
State Bar No. 390922
nwade@linwoodlaw.com
Jonathan D. Grunberg
State Bar No. 869318
jgrunberg@linwoodlaw.com
G. Taylor Wilson
State Bar No. 460781
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2400
Atlanta, GA 30309

- 16 -

Telephone:  (404) 891-1402
Facsimile:  (404) 506-9111

**MEYER WILSON CO., LPA**
Matthew R. Wilson (pro hac vice)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (pro hac vice)
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

**KING & YAKLIN, LLP**
Stephen A. Yaklin
State Bar No. 780125
syaklin@kingyaklin.com
Matthew M. Wilkins
Georgia Bar No. 142291
mwilkins@kingyaklin.com
192 Anderson Street, Suite 125
Marietta, Georgia 30060
Telephone:  (770) 424-9235
Facsimile:  (770) 424-9239

1333787.7

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1.C and 7.1.D of the Northern District of

Georgia, that the foregoing REPLY IN SUPPORT OF PLAINTIFF'S

MOTION FOR CLASS CERTIFICATION was prepared in 14-point Times New Roman Font.

January 20, 2017.

*/s/ Daniel M. Hutchinson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing REPLY IN SUPPORT OF

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION to be electronically filed with the

Clerk of the Court using the CM/ECF system, which will automatically send notification of such

filing to all attorneys of record.

January 20, 2017.


*/s/ Daniel M. Hutchinson*