IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEBASTIAN CORDOBA, individually and on behalf of all others similarly situated, and RENE ROMERO, individually and behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC, individually and as successor through merger to DIRECTV, Inc.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-3755-MHC |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Clarification of, or in the Alternative, Amendment to, the Protective Order ("Pls.' Mot.") [Doc. 198].

### I.  BACKGROUND

On October 27, 2015, Plaintiff Sebastian Cordoba ("Cordoba") filed a Class Action Complaint [Doc. 1] alleging that Defendant DIRECTV, LLC, individually and as successor through merger to DIRECTV, Inc. ("DIRECTV") violated the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. On April 8, 2016, the Court entered the Stipulation and Order Regarding Entry of a Protective Order ("Protective Order") [Doc. 45]. Pursuant to the Protective Order, a document may be designated as confidential if it contains, *inter alia*, "information protected from disclosure by statute" and "personal identity information." Protective Order ¶ 2. The Protective Order provides that documents designated as confidential "shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation." Id. ¶ 5(a).

As part of its opposition to Cordoba's Motion for Class Certification [Doc. 63],[1] DIRECTV engaged Dr. Debra J. Aron ("Aron") as an expert witness. See Expert Report of Dr. Debra J. Aron ("Aron Report") [Doc. 70-9] ¶¶ 1, 7. DIRECTV created and shared with Aron a data file containing, among other information, the first and last names and home and business telephone numbers of

---

[1] The Court subsequently certified two classes, the National Do Not Call Class and the Internal Do Not Call Class. Cordoba v. DirecTV, LLC, 320 F.R.D. 582, 589, 603 (N.D. Ga. 2017), vacated in part, 942 F.3d 1259 (11th Cir. 2019). On July 23, 2020, following the United States Court of Appeals for the Eleventh Circuit's reversal of the Court's certification of the Internal Do Not Call Class, the Court denied Plaintiffs' renewed motion to certify the Internal Do Not Call Class. Cordoba v. DIRECTV, LLC, No. 1:15-CV-3755-MHC, 2020 WL 5548767 (N.D. Ga. July 23, 2020).

DIRECTV customers whom Telecel[2] had called between March 27, 2015, and March 3, 2016 (the "Matched Accounts List").  See id. ¶¶ 22, 24.  After DIRECTV failed to produce the Matched Accounts List during discovery, based on Section 338(i)(4)(A) of the Satellite Television Extension and Localism Act of 2010 ("STELA"), 47 U.S.C. § 338, Cordoba filed objections to Aron's Report [Doc. 74] and the Court, in its order granting Cordoba's Motion for Class Certification, ordered DIRECTV to produce the Matched Accounts List pursuant to the procedures set forth in Section 338(i)(4)(B)(ii).  Cordoba v. DirecTV, LLC, 320 F.R.D. 582, 591-93 (N.D. Ga. 2017), vacated in part, 942 F.3d 1259 (11th Cir. 2019).  The Court ordered the parties to submit a joint stipulation to effectuate that production, id. at 593, and subsequently entered an order regarding production which stated, in relevant part, that materials produced pursuant to it may be marked as confidential "without prejudice to Plaintiff's ability to challenge that designation under the parties' protective order."  Order Regarding Prod. of Personally Identifiable Data [Doc. 100] at 2.

On May 30, 2018, the Court granted Cordoba leave to file the Third

---

[2] Plaintiffs allege that DIRECTV engaged Telecel Marketing Solutions, Inc. ("Telecel") to market DIRECTV's products and services by telephone.  Third Am. Class Action Compl. ("Third Am. Compl.") [Doc. 143] ¶ 4, Tr. Dep. of Fredy Diaz (Sept. 21, 2016) [Doc. 64-1] at 76.

Amended Complaint adding Rene Romero ("Romero") as a plaintiff and asserting claims against DIRECTV for allegedly violating STELA by disclosing the Matched Accounts List to Aron. See May 20, 2018, Order [Doc. 142] at 8-9, 19; Third Am. Compl. ¶¶ 7-11. DIRECTV moved to compel arbitration of Romero's STELA claim and the Court denied this motion, but on February 19, 2020, the Eleventh Circuit Court of Appeals reversed this Court and held that Romero's STELA claim must be arbitrated. See Cordoba v. DIRECTV, LLC, 801 F. App'x 723, 724-26 (11th Cir. 2020), rev'g 347 F. Supp. 3d 1311 (N.D. Ga. 2018). Romero's STELA claims in this action are stayed pending arbitration. See generally Apr. 1, 2020, Order [Doc. 190] (making the Eleventh Circuit Court of Appeals' mandate the judgment of the Court); DIRECTV's Mot. to Compel Arbitration and to Stay Litigation [Doc. 154] at 1 (moving for a stay pending the outcome of arbitration).

On April 29, 2020, Plaintiffs' counsel informed DIRECTV of their intention to utilize the Matched Accounts List to inform the persons on it of their potential STELA claims against DIRECTV. See Pls.' Mot. at 6. The Eleventh Circuit Court of Appeals' holding that Romero's claim must be arbitrated necessarily means that any STELA claims brought against DIRECTV by other persons on the Matched Accounts List arising from DIRECTV's disclosure of the Matched

Accounts List to Aron must also be arbitrated. On May 5, 2020, DIRECTV informed Plaintiffs' counsel that DIRECTV intended to oppose any attempt to contact the individuals on the Matched Accounts List and would not alter its designation of the Matched Accounts List as confidential. Id. at 6-7. On July 2, 2020, Plaintiffs filed the instant Motion.

## II. DISCUSSION

### A. Whether Disclosure is Permitted Under the Protective Order

Plaintiffs contend that the Protective Order by its terms permits Plaintiffs' counsel to contact the persons on the Matched Accounts List regarding their potential STELA claims. Id. at 7-8. Plaintiffs do not dispute that the Matched Accounts List contains confidential information and has been designated as confidential. See id. However, they contend that their counsel's proposed use is not "for any purpose whatsoever other than *in this litigation*." Id. at 8 (citing Protective Order ¶ 5(a)). According to Plaintiffs, "[e]very element of the arbitration claims that would be filed is thus a direct result of this litigation and can fairly be said to be an extension of *this litigation*, albeit in another forum." Id. DIRECTV contends that "this litigation" means only this case, "and new arbitration cases that might be brought by new plaintiffs recruited by class counsel are not part of 'this litigation.'" DIRECTV's Resp. in Opp'n to Pls.' Mot. for

Clarification of, or in the Alternative, Amend. to the Protective Order ("Def.'s Opp'n") [Doc. 200] at 3.

The Court agrees with DIRECTV that using information on the Matched Accounts List to notify non-parties of potential STELA claims that they may arbitrate is use "other than in this litigation." Arbitration is not litigation. In fact, Romero's STELA claims in this litigation are stayed pending arbitration. Furthermore, the persons other than Romero whose information appears on the Matched Accounts List are not parties to this case. While the Court certified the National Do Not Call List Class with respect to the TCPA claims, Plaintiffs have not moved for and the Court has not certified a class with respect to the STELA claims. It would violate the terms of the Protective Order for Plaintiffs' counsel to inform the persons on the Matched Accounts List of their potential STELA claims. See Protective Order ¶ 5(a).

### B.   Whether the Protective Order Should Be Modified

Alternatively, Plaintiffs contend that the Court should modify the Protective Order to permit Plaintiffs' counsel to inform the persons on the Matched Accounts List of their potential STELA claims. Pls.' Mot. at 8-9. The Court has discretion to modify the Protective Order "for good cause, or in the interest of justice." Protective Order ¶ 12; see generally Pres. Endangered Areas of Cobb's Hist., Inc.

v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1245 (11th Cir. 1996) (citation omitted) ("The District Court's entry of a protective order must be reviewed for abuse of discretion."). Plaintiffs contend that there is good cause to modify the Protective Order for three reasons: (1) individuals on the Matched Accounts List would not otherwise learn of their potential STELA claims; (2) DIRECTV has touted the fairness of its arbitration procedures when moving to compel arbitration and should be held to those agreements; and (3) each STELA claim is likely meritorious and worth thousands of dollars in damages. Pls.' Mot. at 9-10. DIRECTV does not disagree with the good cause standard, but contends that there is no good cause to modify the Protective Order. Defs.' Opp'n at 4.

Plaintiffs' counsel wants to contact the thousands of individuals on the Matched Accounts List in order to bring mass individual arbitrations as was done in three recent cases in the Northern District of California. Pls.' Mot. at 12-14 (citing Abernathy v. DoorDash, Inc., 438 F. Supp. 3d 1062 (N.D. Cal. Feb. 10, 2020); Adams v. Postmates, Inc., 414 F. Supp. 3d 1246 (N.D. Cal. 2019); Abadilla v. Uber Technologies, Inc., No. 3:18-cv-7343 (N.D. Cal. filed Dec. 5, 2018)). Plaintiffs are correct that individuals on the Matched Accounts List have no way of knowing about their potential STELA claims unless someone notifies them. Even if an individual on the Matched Accounts List through extraordinary diligence

learned of DIRECTV's alleged violation of STELA in this litigation, that individual would have no way of knowing that he or she was on the Matched Accounts List.

Plaintiffs also are correct that DIRECTV repeatedly emphasized its "consumer-friendly" arbitration procedures before this Court and the Eleventh Circuit Court of Appeals. See, e.g., DIRECTV's Mem. in Supp. of its Mot. to Compel Arbitration and to Stay Litig. [Doc. 154-1] at 6-9; Br. of Def.-Appellant DIRECTV at 6-9, Sebastian Cordoba v. DIRECTV, LLC, No. 18-14832 (11th Cir. Jan. 30, 2019). Moreover, because of the Eleventh Circuit Court of Appeals' ruling in favor of DIRECTV, individuals on the Matched Accounts List would have to arbitrate their potential STELA claims. DIRECTV complains that Plaintiffs' counsel wants to take advantage of DIRECTV's "consumer-friendly" arbitration provisions as leverage to force it to settle the potential STELA claims. Defs.' Opp'n at 8. However, DIRECTV has made its bed by compelling arbitration, and it should not be able to avoid arbitrating STELA claims brought by individuals on the Matched Accounts List.

The Court agrees with Plaintiffs that permitting DIRECTV to wield the Protective Order as a shield to prevent individuals on the Matched Accounts List from learning that DIRECTV violated STELA might not be in the interests of

justice.  However, the Court views Plaintiffs' request as premature.  Neither this Court nor an arbitrator has found that DIRECTV's disclosure of the Matched Accounts List violated STELA.[3]  Plaintiffs cite no authority supporting their position that this Court should modify the Protective Order so that Plaintiffs' counsel can notify individuals on the Matched Accounts List of their potential claims against DIRECTV prior to a finding that STELA has been violated.[4]  See generally Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997) ("While we cannot say that orders authorizing communication with potential class members may never precede class certification, district courts must strive to avoid authorizing injurious class communications that might later prove unnecessary.").

The Court also notes that Plaintiffs' proposed notice [Doc. 198-2] is an attorney advertising communication.  It would not merely notify individuals on the

---

[3] The parties argue the merits of Romero's STELA claim as a basis for justifying the modification of the Protective Order, see Pls.' Mot. at 15-16; Def.'s Opp'n at 9-12, but that claim must be arbitrated first.

[4] Plaintiffs contend that their ability to communicate with individuals on the Matched Accounts List is the "functional equivalent" of the defendants' actions in Abernathy, 438 F. Supp. 3d 1062, Adams, 414 F. Supp. 3d 1246, and Abadilla, No. 3:18-cv-7343.  Pls.' Mot. at 14.  However, none of those cases addressed whether the court should modify a protective order to permit counsel to contact individuals whose information was disclosed during discovery.

Matched Accounts List of DIRECTV's disclosure to Aron and that Romero is required to arbitrate his STELA claim arising from this disclosure; it would invite individuals on the Matched Accounts List to contact Plaintiffs' counsel. The Court acknowledges that Federal Rule of Civil Procedure 23(d)(1)(B)(i) authorizes courts to issue orders that require giving class members notice of "any step in the action," and courts have provided notice of the denial of a motion for class certification pursuant to this provision. Puffer v. Allstate Ins. Co., 614 F. Supp. 2d 905, 909-15 (N.D. Ill. 2009); see also City Select Auto Sales, Inc. v. David/Randall Assocs., 151 F. Supp. 3d 508, 513 (D.N.J. 2015) (citations omitted). However, the Court is not persuaded that an attorney advertisement such as that proposed by Plaintiffs would be appropriate even if the arbitrator finds that DIRECTV's disclosure of the Matched Accounts List to Aron violated STELA.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Clarification of, or in the Alternative, Amendment to, the Protective Order [Doc. 198] is **DENIED WITHOUT PREJUDICE** to refiling after Plaintiff Rene Romero's STELA claim against Defendant DIRECTV, LLC, individually and as

successor through merger to DIRECTV, Inc., is resolved.

**IT IS SO ORDERED** this 24th day of September, 2020.

_____
MARK H. COHEN
United States District Judge