

# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-20-0015-8733

Rene Romero,
           ("Claimant")

-vs-

DirecTV, LLC.,
           ("Respondent")

## AWARD OF ARBITRATOR

I, Jennifer Lupo, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, each represented by counsel, at a document only hearing ("Hearing") do hereby, AWARD, as follows:

Documents provided by the Parties and reviewed by the Arbitrator:

DirecTV Residential Customer Agreement (Agreement to arbitrate)
Demand for arbitration and Exhibits A-M
Caselaw: *Cordoba v. DIRECTV, LLC*; additional case and statutory authority
Claimant's March 2, 2021 arbitration brief and Exhibits A-L
Respondent's March 2, 2021 arbitration brief and Respondent's Exhibits 1-6
Claimant's March 16, 2021 arbitration reply brief
Claimant's March 16, 2021 fee application

## LIABILITY FINDINGS

The findings that follow are necessary to this Final Award. They are derived from the submissions filed by the parties as set forth above as well as the electronic webfile. To the extent that these findings differ from any party's position, that is the result of the Arbitrator's application of burdens of proof and legal principles. The undersigned Arbitrator recognizes and appreciates the high quality of the submissions by counsel for each party and the result of this proceeding is not a reflection on any difference in the quality of those submissions.

This arbitration arises from a class action litigation styled as *Cordoba v. DirecTv, LLC*. in the United States District Court for the Northern District of Georgia. The *Cordoba* plaintiffs alleged that between March 27, 2015, and March 3, 2016, Telecel Marketing Solutions, Inc. ("Telecel"), a vendor of Respondent, placed at least 60,506 calls to 24,566 unique telephone numbers for the purpose of selling or encouraging the sale of DirecTv products or services. The *Cordoba* plaintiffs allege the calls were in violation of the Telephone Consumer Protection Act (TCPA) and related rules and regulations promulgated by the Federal Communication Commission. Plaintiffs moved to certify as a class. Respondent sought to distinguish which proposed class members had an existing business relationship (EBR) with Respondent to exclude them from the class, and presumably to compel arbitration under the terms of the

DirecTv residential customer agreement dispute resolution clause.  Respondent engaged the services of one Dr. Debra J. Aron, an economist, to ascertain which telephone numbers on Telcel's call list had an EBR with Respondent during the timeframe set forth above.  Dr. Aron's engagement is pursuant to an engagement agreement with Respondent which contains a confidentiality provision.  Respondent provided Dr. Aron with its' customer list, and she compared it to Telcel's call list creating a document called the Matched Name List.

The parties have each advanced legal theories in an attempt to bind the arbitrator to follow one or another *Cordoba* order of the United States District Court for the Northern District of Georgia or the United States Court of Appeals for the Eleventh Circuit.  The arbitrator finds neither theory advanced applicable to the within arbitration.  *The law of the case* doctrine is the principle that an appellate court's decision on a legal issue is binding on both the trial court on remand, and an appellate court on a subsequent appeal in the same case and with substantially the same facts.  This theory does not apply to the within arbitration because the same courts are not hearing the same issues as those the within arbitration.  The second theory advanced is *issue preclusion*, also called *collateral estoppel*, which means that a *valid and final judgment* binds the plaintiff, defendant, and their privies in subsequent actions on different causes of action between them (or their privies) as to *same issues actually litigated and essential to the judgment* in the first action. There was no final judgment on the merits of the Claimant's 47 U.S.C. Sec. 338 (4) (A) (i) ("STELA") claim. (emphasis added)

STELA governs the privacy rights of satellite television subscribers of which there is no dispute Claimant was at the time of the disclosure of his personally identifiable information ("PII") by Respondent to Dr. Aron.  The statute reads, in relevant part: "Except as provided in subparagraph (B), a satellite carrier *shall not* disclose personally identifiable information concerning any subscriber *without the prior written or electronic consent of the subscriber* concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or satellite carrier." (emphasis added). STELA requires *affirmative* written or electronic consent or a court order *before* disclosure of PII.   Respondent alleges that it had obtained Claimant's consent by virtue of Claimant accepting the terms of the DirecTV Residential Customer Agreement ("Customer Agreement") when he became a subscriber, and he continued said consent to the disclosure of his PII, each year he continued as a subscriber including those years the aforesaid agreement was amended and notice thereof delivered to Claimant.  The arbitrator has reviewed Respondent's Customer Agreement and does not see any mention of STELA. Respondent has submitted no evidence in this arbitration that either occurred rendering the Respondent's disclosure of Claimant's PII to Dr. Aron unlawful under STELA.

47 U.S.C. Sec. 338 (7) governs the penalties for a STELA violation.  The section reads, "[a]ny person aggrieved by any act of a satellite carrier in violation of this section may bring a civil action in a United States district court. The court may award (A) actual damages *but not less than* liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher; (B)punitive damages; and (C)reasonable attorneys' fees and other litigation costs reasonably incurred…" Claimant advances the proposition that each day that Dr. Aron is alleged to have possessed Claimant's PII is an individual violation of STELA compensable as actual damages.  The arbitrator disagrees with this proposition.   All other legal theories advanced by the parties whether in support of, or in defense of, violation of  47 U.S.C. Sec. 338 (4) (A) (i) by Respondent have been considered and found to be without merit.

## CONCLUSION AND FINAL AWARD

Claimant is entitled to recover from Respondent a Final Award as follows:

      1.      Liquidated damages of $1,000.00;
      2.      Punitive damages of $164,100.00;
      3.      Respondent is to retrieve and destroy or cause the destruction of Claimant's PII (and all copies in whatever form or format) from Dr. Aron and deliver to Claimant an affidavit from either Dr. Aron (or a person with knowledge at her firm) or an employee of Respondent attesting to the destruction of Claimant's PII including the form(s) in which the PII existed; the date of destruction; the name and title of the person who undertook the destruction; and

      4.      Attorney's fees in the amount of $58,212 payable as follows: Lieff, Cabraser, Heimann & Bernstein, LLP $39,900 and Meyer Wilson Co., LPA $18,312.

The administrative fees of the American Arbitration Association (AAA) totaling $2,965.00 shall be borne as incurred, and the compensation of the arbitrator totaling $7,000.00 ($1,500 for desk arbitration plus 18.5 additional hours at a rate of $300/hr for submissions and time in excess of 7 hours and 100 pages set forth in the Consumer Rules) shall be borne as incurred.

The above sums are to be paid on or before 30 days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

June 1, 2021                                        *Jennifer Lupo*
                                                         Jennifer Lupo, Arbitrator