IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEBASTIAN CORDOBA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, individually and as successor through merger to DIRECTV, Inc.,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-3755-MHC |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose from a class action lawsuit filed by Plaintiff Sebastian Cordoba ("Plaintiff"), individually and on behalf of the Internal Do Not Call ("IDNC") Settlement Class and the National Do Not Call ("NDNC") Class, against Defendant DIRECTV, LLC ("Defendant") for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, by Telecel Marketing Solutions, Inc. ("Telecel"), a firm hired by DIRECTV to market DIRECTV services, based on Telecel's failing to maintain an internal do-not-call list and by calling individuals on the National Do Not Call Registry. Plaintiff and Defendant (the "Settling Parties") have negotiated a settlement to resolve all claims. The terms of the settlement are

set out in a Class Action Settlement Agreement and Release [Doc. 285-1] executed by the Settling Parties and their counsel (the "Settlement Agreement"). This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Proposed Class Action Settlement ("Motion for Preliminary Approval") [Doc. 285].

The Court has considered the proposed Settlement Agreement and, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement unless otherwise indicated. The Court finds that it has jurisdiction over the action and each of the Settling Parties for purposes of settlement and asserted jurisdiction over the Class Representative for purposes of considering and effectuating the Settlement Agreement. Based upon the Court's consideration of all of the submissions related to the Motion for Preliminary Approval and, having presided over and managed this action, of the facts, contentions, claims and defenses as they have developed in these proceedings, the Court has determined that the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed settlement class should be preliminarily certified, and the proposed notice plan approved. Consequently, it is hereby **ORDERED** as follows:

**Provisional Certification of the Proposed Settlement Class
and Appointment of Class Representatives and Class Counsel**

1.      For purposes of this Settlement Agreement only and conditioned upon the Settlement Agreement receiving final approval following a Fairness Hearing, the

Court provisionally certifies under Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e) an "IDNC Settlement Class," consisting of:

> All persons within the United States who received a telephone call on or after October 27, 2011 and before March 3, 2016 from Telecel on behalf of DIRECTV for the purpose of selling or encouraging the sale of DIRECTV's goods and/or services, who asked Telecel to stop making such calls to them, and who nevertheless received more than one such call from Telecel after asking not to be called again.

2. The Court preliminary finds that, for settlement purposes only, the IDNC Settlement Class, as defined above, is likely to meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the IDNC Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiff's claims are typical of those of the IDNC Settlement Class Members; (d) Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the IDNC Settlement Class Members; and (e) for purposes of the Settlement Agreement, the IDNC Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

3. Certification of the IDNC Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

The Parties preserve all rights and defenses regarding class certification in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

4. The Court further reiterates that it has previously certified an NDNC Class consisting of all persons residing within the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone call between October 27, 2011 and March 3, 2016 from Telecel on behalf of DIRECTV for the purpose of selling or attempting to sell DIRECTV's goods and/or services.

5. The Court preliminarily finds that the proposed Settlement Class Representative will fairly and adequately represent the interest of the Class under Rule 23(a)(4), has done so, and is adequate under Rule 23(e)(10)(a) and, therefore, hereby designates Plaintiff Sebastian Cordoba as Settlement Class Representative for the IDNC Settlement Class. Sebastian Cordoba was previously appointed as Class Representative for the NDNC Class.

6. The Court preliminarily finds that proposed Class Counsel have adequately represented, and will continue to fairly and adequately represent, the interests of the IDNC Settlement Class and the NDNC Class under Rule 23(g)(1) and (4) and, therefore, the Court hereby designates Lieff Cabraser Heimann &

Bernstein LLP and Meyer Wilson Co., LPA as Class Counsel for the IDNC Settlement Class and the NDNC Class ("Class Counsel").

## Preliminary Approval of the Proposed Settlement

7. The Court preliminarily finds that the proposed Settlement Agreement appears to be the product of intensive, thorough, serious, and informed arms-length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representative or any segment of the Class; and appears to be fair, reasonable and adequate, such that notice of the Settlement Agreement should be directed to the Class members, and a Final Approval Hearing should be set.

8. The Court further preliminarily finds that the relief provided in the Settlement Agreement—a $440,000 non-reversionary settlement fund—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of further litigation, trial and appeal, the alleged harm to the IDNC Settlement Class and the NDNC Class, the proposed method of distributing payments to the IDNC Settlement Class and the NDNC Class, and the absence of any agreement required to be identified under Rule 23(e)(3).

9. The Court further preliminarily finds that the Settlement Agreement is substantively fair and treats the IDNC Settlement Class and the NDNC Class equitably relative to each other. The Settlement Agreement provides for the equal distribution to members of the NDNC Class and the IDNC Settlement Class. There

will be a *pro rata* distribution of the $440,000 settlement proceeds after reduction of the Settlement Costs. The Court will assess Class Counsel's request for attorneys' fees and expenses after receiving a motion from Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses creates no reason not to grant the Motion for Preliminary Approval and direct notice to the IDNC Settlement Class and the NDNC Class.

10. Accordingly, the Motion for Preliminary Approval is **GRANTED**. The Court finds that it will likely be able to approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) and to finally certify the IDNC Settlement Class and the NDNC Class for purposes of judgment pursuant to the Settlement Agreement.

### Administration

11. The Court hereby designates CPT Group ("CPT") as the Claims Administrator for the Settlement Agreement and directs CPT to carry out all the duties and responsibilities of the Claims Administrator as specified in the Settlement Agreement and herein.

### Notice to Class Members

12. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice and procedures set forth at Section 9 of the Settlement Agreement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits B-D to the Settlement Agreement, the

proposed procedures for any IDNC Settlement Class Members to exclude themselves from the IDNC Settlement Class,[1] and the proposed procedures for the Settlement Class to object to the Settlement Agreement.

13.  The Court finds that the proposed notice plan—which includes (i) direct postcard notice, (ii) emailed notice, and (iii) establishing a Settlement Website at the web address of www.dtvtcpaclassaction.com, where Settlement Class Members can view the full Agreement, the detailed long-form notice, and other key case documents—meets the requirements of due process under the United States Constitution and of Rule 23, and constitutes the best notice that is practicable under the circumstances, including by providing individual notice to all members who can be identified through reasonable effort. The Court further finds that the proposed form and content of the notices as set forth in Exhibits B-D are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object and whether to opt out. The Court finds that the notices clearly and concisely state in plain, easily understood language, *inter alia*: (a) the nature of the case; (b) the definition of the IDNC Settlement Class and the previously certified NDNC class; (c) the class claims and issues; (d) that the Court will exclude from the IDNC Settlement Class any

---

[1] Members of the NDNC Class were previously given a chance to opt-out when the Court certified the class and will not receive an additional chance to opt-out.

IDNC Settlement Class member who timely and validly requests exclusion; (e) the time and manner for requesting such exclusion; and (f) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

14. The Court hereby directs the Parties and the Claims Administrator to implement the notice plan as set forth in the Settlement Agreement.

15. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), DIRECTV shall promptly provide written notice of the proposed Settlement to the appropriate authorities.

16. No later than thirty (30) days after entry of this Order (the "Settlement Notice Date"), the Claims Administrator shall substantially complete the Direct Mail Notice and Email Notice via first class mail and email to Settlement Class Members. In the event that any Notices are returned as non-deliverable, the Claim Administrator shall promptly re-mail and/or re-email any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

17. No later than the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated Settlement Website related to the Settlement Agreement.

18. No later than (16) calendar days prior to the Final Approval Hearing, the Claims Administrator shall serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with

the terms of the Preliminary Approval Order, and that the CAFA Notice was served. The Claims Administrator shall likewise provide DIRECTV and Class Counsel with a final list of persons who submitted timely and valid requests for exclusion from the IDNC Settlement Class.

### **Claims Process**

19. Settlement Class Members shall be permitted to share in the Settlement Fund paid by DIRECTV only after completing and submitting a Claim Form consistent with the form set forth in Exhibit E to the Claims Administrator pursuant to the procedures outlined in Section 10 of the Settlement Agreement. As set forth in the Settlement Agreement, the Claims Administrator shall have discretion to allow Settlement Class Members who submit Claim Forms with missing or errant information with additional time to correct the errors and to re-submit the Claim Forms to the Claims Administrator, after being apprised of the need to do so by the Claims Administrator.

20. For a Claim Form to be considered valid, the Settlement Class Member shall include: (1) the Settlement Class Member's name; (2) the telephone number that the Settlement Class Member used or subscribed to during the Settlement Class Period; and (3) the affirmations found on the Claim Form.

## Opt-Out and Objection Procedures

21.   IDNC Settlement Class Members who wish to either object to the Settlement Agreement or request to be excluded from it or NDNC Class Members who wish to object to the Settlement Agreement must do so by the Objection Deadline and Opt-Out Deadline of April 5, 2024, which are both sixty (60) calendar days after the Settlement Notice Date. IDNC Settlement Class Members may not both object and opt out and NDNC Class Members are not permitted to opt-out. If an IDNC Settlement Class Member submits both a request for exclusion and an objection, the Request for Exclusion will be controlling.

22.   To submit a request for exclusion (or opt-out), IDNC Settlement Class Members must follow the directions in the Notice and send a written request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the request for exclusion, the IDNC Settlement Class Member must state his, her, or their full name, address, telephone number, and the telephone number he or she wishes to be contacted at and must state in writing that he, she, or they wishes to be excluded from the Settlement Agreement. No IDNC Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

23. If a timely and valid request for exclusion is made by a member of the IDNC Settlement Class, then that person will not be a Settlement Class Member, and the Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person.

24. All Settlement Class Members who do not elect to opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

25. To object to the Settlement Agreement, Settlement Class Members must follow the directions in the Class Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state: (1) his, her, or their full name, address, and telephone number where he, she, or they may be contacted; (2) the telephone number(s) that he, she, or they maintains were called; (3) all grounds for the objection with specific legal and factual support; (4) the identity of any witnesses he, she, or they may call to testify; (5) copies of any exhibits that he, she, or they intends to introduce into evidence at the Final Approval Hearing; (6) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (7) a statement of whether he, she, or they intends to appear at the Final Approval Hearing with or without counsel; and (8) a statement as to whether the objection applies only to the objector,

a specific subset of the Settlement Class, or the entire Settlement Class. Such objection must be filed with the Court with a postmark date on or before the Objection Deadline. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection. No Objection will be valid unless all of the information described above is included.

26. The right to object to this Settlement Agreement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

27. Any Settlement Class Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement.

28. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his, her, or their intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, shall be deemed to have waived his, her, or their objections, and shall be forever barred from making any such objections in the Action. All members of the IDNC Settlement Class or the NDNC

Class, except those members of the IDNC Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the IDNC Settlement Class or the NDNC Settlement Class.

### Final Approval Hearing

29. The Court will hold a Final Approval Hearing on May 17, 2024, at 10:00 a.m. (Eastern time), in Courtroom 1905 at the United States District Court for the Northern District of Georgia at the Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia or at such other date, time and place (including by videoconference) later set by Court Order. At the Final Approval Hearing, the Court will, among other things: (a) determine whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate, and in the best interests of the IDNC Settlement Class and the NDNC Class; (b) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the IDNC Settlement Class should be finally certified; (d) rule on Class Counsel's motion for attorneys' fees and expenses; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

30. By no later than fourteen (14) calendar days prior to the Final Approval Hearing, the Parties shall file any motions for final settlement approval, including any responses to any objections that are submitted. By no later than thirty (30) calendar days prior to the Objection Deadline, Plaintiff and Class Counsel shall file their motion for attorneys' fees, expenses, and a class representative service award. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

31. Only the Parties and Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

32. If the Settlement Agreement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement Agreement, and (b) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

33. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in this Action are hereby stayed and suspended until further order of this Court.

34. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Order, and the Final Judgment and Order of Dismissal.

35. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in and the certification of the

IDNC Settlement Class will be deemed vacated. The certification of the IDNC Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the IDNC Settlement Class, will not be considered in connection with any subsequent decision in this court or on appeal.

36. Pending the final determination of whether the Settlement Agreement should be approved, any member of the IDNC Settlement Class or the NDNC Class is hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement Agreement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

The following are the deadlines by which certain events must occur:

| | |
|---|---|
| **Settlement Notice Date** | February 5, 2024 (30 days after the Preliminary Approval Order) |
| **Last day for Plaintiff and Class Counsel to file motion for attorneys' fees, expenses, and service awards** | March 6, 2024 (30 days after Settlement Notice Date) |
| **Last day for Settlement Class Members to Opt-Out or to Object** | April 5, 2024 (60 days after Settlement Notice Date) |
| **Last day for Settlement Class Members to file Claim Forms (excluding time set forth in the Settlement to correct errors or omissions in filed Claim Forms).** | May 6, 2024 (90 days after Settlement Notice Date) |
| **Deadline for Plaintiff to file Motion and Memorandum in Support of Final Approval, including responses to any Objections.** | May 3, 2024 (14 days before the Final Approval Hearing) |

| Final Approval Hearing | May 17, 2024 |

## Other Provisions

37. Class Counsel and Defendant's counsel are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement Agreement, including the approved Notice Plan.

38. The deadlines set forth in this Preliminary Approval Order, including, but not limited to, the date of the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Opt Outs and objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

39. Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with the Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice, or to any other exhibits that the Settling Parties jointly agree are reasonable or necessary.

## Continuing Jurisdiction

40. For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, the Court shall maintain continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement Agreement [Doc. 285] is **GRANTED**.

**IT IS SO ORDERED** this 5th day of January, 2024.

_____
MARK H. COHEN
United States District Judge