IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEBASTIAN CORDOBA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, LLC, individually and as successor through merger to DIRECTV, Inc.,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-3755-MHC |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND AWARDING ATTORNEYS' FEES AND EXPENSES

This litigation arose from a class action lawsuit filed by Plaintiff Sebastian Cordoba ("Plaintiff"), individually and on behalf of the Internal Do Not Call ("IDNC") Settlement Class and the National Do Not Call ("NDNC") Class, against Defendant DIRECTV, LLC ("Defendant") for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, by Telecel Marketing Solutions, Inc. ("Telecel"), a firm hired by DIRECTV to market DIRECTV services, based on Telecel's failing to maintain an IDNC and by calling individuals on the NDNC.

This case has been litigated by the parties in this Court and through multiple appeals to the United States Court of Appeals for the Eleventh Circuit for over eight years. See, e.g., Cordoba v. DirecTV, LLC, 320 F.R.D. 581 (N.D. Ga. 2017) (granting Plaintiff's motion for class certification); Cordoba v. DIRECTV, 942 F.3d 1259 (11th Cir. 2019) (finding certain consumers lacked standing to maintain their claims, vacating this court's order certifying a class, and remanding for further proceedings); Cordoba v. DIRECTV, LLC, No. 1:15-CV-3755-MHC, 2020 WL 5548767 (N.D. Ga. July 23, 2020) (denying Plaintiff's renewed motion for class certification without prejudice); Cordoba v. DIRECTV, LLC, No. 1:15-CV-3755-MHC, 2021 WL 6841777 (N.D. Ga. Feb. 12, 2021) (granting Defendant's motion for summary judgment as to Plaintiff's certified and individual claims). Plaintiff appealed the last two referenced orders to the Eleventh Circuit on February 2, 2022 [Doc. 265], and a cross-appeal was filed by Defendant as to certain prior adverse orders entered by this Court [Doc. 270].

On November 7, 2023, during the pendency of the latest appeal, the parties filed a Notice of Settlement on Appeal and Joint Motion for Indicative Ruling Regarding Fairness Hearing, requesting that this Court indicate its willingness to accept a limited remand of this action from the Eleventh Circuit in order to conduct a fairness hearing on the parties' proposed class action settlement [Doc. 280]. This

Court indicated that it would conduct such a hearing if the case was remanded [Doc. 281]. On November 28, 2023, the Eleventh Circuit remanded the case to this Court "for the limited purpose of allowing the district court to conduct a fairness hearing on the parties proposed settlement agreement pursuant to Fed. R. Civ. P. 23 and issue appropriate relief." Cordoba v. DIRECTV, LLC, 11th Cir. No. 22-10389 (Nov. 28, 2023) [Doc. 284].

On December 6, 2023, Plaintiff filed his Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. 285], attaching the Class Action Settlement Agreement and Release (the "Settlement Agreement") [Doc. 285-1]. On January 5, 2024, this Court issued an order preliminarily approving the Settlement Agreement, provisionally certifying the Settlement Class, and directing notice to issue to that settlement class in accordance with approved procedures. Prelim. Approval Order [Doc. 286].

This matter is now before the Court on Plaintiff's Unopposed Motion for Certification of the Settlement Class, and for Final Approval of Class Action Settlement ("Mot. for Final Approval") [Doc. 290] and Class Counsel's Motion for Attorneys' Fees and Expenses ("Class Counsel's Mot. for Fees") [Doc. 287]. Defendant does not oppose either the final approval of the class action settlement or Class Counsel's request for fees, costs, and expenses. For the reasons set forth

below, and after considering the entire record and the arguments at the Fairness Hearing held on May 17, 2024, the Court hereby issues its Order as follows.

## I.   TERMS OF THE SETTLEMENT[1]

The following are the material terms of the Settlement Agreement:

### A.   The Settlement Class

The "IDNC Settlement Class" is defined as consisting of:

> All persons within the United States who received a telephone call on or after October 27, 2011 and before March 3, 2016 from Telecel on behalf of DIRECTV for the purpose of selling or encouraging the sale of DIRECTV's goods and/or services, who asked Telecel to stop making such calls to them, and who nevertheless received more than one such call from Telecel after asking not to be called again.

Settlement Agreement § 2.27.  A "Settlement Class Member" means both an IDNC Settlement Class Member or a NDNC Class Member, the latter of which is defined to include the previously certified NDNC Class consisting of:

> all persons residing within the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone call between October 27, 2011 and March 3, 2016 from Telecel on behalf of DIRECTV for the purpose of selling or attempting to sell DIRECTV's goods and/or services.

---

[1] Unless otherwise stated, all capitalized terms in this Order carry the same meaning as defined in the Settlement Agreement.

4

Id. §§ 2.31, 2.43.

**B.   Class Relief**

Under the terms of the Settlement Agreement, Defendant agrees to pay $440,000 into a Settlement Fund for the benefit of the Settlement Class Members, which will be maintained by the Settlement Administrator, CPT Group, in an interest-bearing escrow account and used to pay any approved claims and settlement costs. Id. § 4.01.[2] Based upon data obtained by Class Counsel, 17,796 potential class members have been identified.

The initial Settlement Costs of $37,000, including the costs of issuing Class Notice, the establishment of the Settlement Website, and other initial administration costs, are deducted from the total amount in the Settlement Fund, leaving $403,000 remaining to pay any approved claims. Id. § 4.02(a). The distribution of this remaining portion of the Settlement Fund will occur in the following order: (1) Class Counsel attorneys' fees, costs, and expenses as ordered by the Court; (2) unreimbursed costs of administration by the Claims

---

[2] "Settlement Costs" are defined in the Settlement Agreement to mean: (1) all fees and costs incurred by the Claims Administrator, including notice and claims administration costs for administering the settlement; (2) Class Counsel's Court-approved attorneys' fees and reimbursement of reasonable costs; and (3) any Court-approved incentive award paid to Plaintiff. Id. § 2.46.

5

Administrator; and (3) the remainder split amongst the Settlement Class in an equal pro-rata share (limited to one claim per claimant and calculated based on the following formula: (Net Settlement Fund) / (Total Number of NDNC Class Members and IDNC Settlement Class Members who have made a valid and timely claim) = (Pro-Rata Share)). Id. §§ 4.02, 5.01-5.04. Divided by the class number list of 17,796, this amounts to $9.37 per Class Member. Mot. for Final Approval at 8 n.4.

As of May 17, 2024, the Settlement Administrator reported receiving 176 valid claims from Settlement Class Members. Am. Decl. of Carole Thompson ("Am. Thompson Decl.") (May 17, 2024) [Doc. 292] ¶ 13. The Net Settlement Fund, assuming the Court's approval of Settlement Costs, is roughly $166,746.44 and each member of the Settlement Class who submitted a valid claim is anticipated to receive $947.42. Id. ¶¶ 16-17.

### C. Class Notice

The notice plan was developed in conjunction with Class Counsel and implemented by CPT Group. Id. ¶¶ 5-7; see also Settlement Agreement § 5.01. In accordance with the Preliminary Approval Order, this Court authorized the issuance of notice to the Settlement Class via direct mail, email, and a settlement website at the web address of www.dtvtcpaclassaction.com. Settlement

Agreement § 9.03; Thompson Am. Decl. ¶¶ 8-11. After obtaining the records containing contact information for Settlement Class Members, email or mail addresses were identified for 15,487 potential Settlement Class Members, who were sent email or mail notices, and email notices were resent to those which had "bounced" or were undeliverable.[3] Id. ¶ 9. As Class Counsel's request, an additional four "reminder emails" were sent to Settlement Class Members between March 15-April 26, 2024, and these reminders also included Spanish-language text because a large percentage of Settlement Class Members are native Spanish speakers. Id. ¶ 10.

The notice informed Settlement Class Members in English (with a Spanish translation option) of: (1) the nature of the action; (2) the essential terms of the Settlement Agreement, including the class definitions and claims asserted; (3) the binding effect of a judgment if the Settlement Class Member does not request exclusion; (4) the process to object to, or to be excluded from, the IDNC

---

[3] CPT Group was unable to find any mailing information for 1,333 Settlement Class members "despite diligent efforts to do so." Id. ¶ 9(a). To date, 2,241 email notices "bounced" or were undeliverable (and CPT Group thereafter re-mailed 2,219 emails), and 320 mailed notices were returned (after which CPT Group remailed 65 notices and forwarded 13 others). Id. ¶¶ 9(c)-(d).

7

Settlement Class, including the time and method for objecting or requesting exclusion and that Settlement Class Members may make an appearance through counsel; (5) information regarding Class Counsel's request for an award of attorneys' fees and expenses; (6) the procedure for submitting claims; and (7) how to make inquiries and obtain additional information. Settlement Agreement Exs. B-D [Doc. 285-1 at 61-78]. The deadline for Settlement Class Members to object or opt-out of the Settlement was April 5, 2024, and CPT Group has received zero objections and zero opt-outs. Thompson Am. Decl. ¶ 12.

The Court finds that the form and methods of notifying Settlement Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, any other applicable law, and due process, and constituted the best practicable notice under the circumstances; moreover, due and sufficient notices of the Fairness Hearing and rights of all Settlement Class Members have been provided to all people, powers, and entities entitled thereto. The Class has been notified of the Settlement Agreement pursuant to the plan approved by the Court. Settlement Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court. In addition, pursuant to the Class Action Fairness Act, 28

U.S.C. § 1711 et seq., notice was provided to the Attorneys General for each of the states in which a Class Member resides and to the Attorney General of the United States. Am. Thompson Decl. ¶ 4.

### D. Attorney's Fees and Expenses

Class Counsel separately requests that the Court (1) award attorneys' fees in the amount of $146,666.67; and (2) award costs in the total amount of $89,586.89.[4] Class Counsel's Mot. for Fees at 18. These amounts are in accordance with the terms of the Settlement Agreement, which provides for Class Counsel moving for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus reimbursement of reasonable litigation costs and expenses. Id.; Settlement Agreement § 6.02. For the reasons more fully stated below, under prevailing precedent and the circumstances of this case, the requests for attorneys' fees and expenses will be approved.

### E. Releases

The Settlement Class Members will release Defendant from any and all claims that were or could have been asserted from the placement of calls by

---

[4] At the Fairness Hearing, Plaintiff withdrew his request for an incentive award, given the Eleventh Circuit precedent in Johnson v. NPAS Sols., LLC, 975 F.3d 1244 (11th Cir. 2020), reh'g en banc denied, 43 F.4th 1138 (2022), cert. denied sub nom. Johnson v. Dickenson, 143 S. Ct. 1745 (2023).

9

Telecel seeking to advertise DIRECTV's products or services during the Settlement Class Period, including claims arising under the TCPA. Settlement Agreement § 14.01.

## III. FINAL APPROVAL OF PROPOSED SETTLEMENT AGREEMENT

After consideration of the Settlement Agreement, the unopposed motion presented by Plaintiff, the arguments at the Fairness Hearing on May 17, 2024, and the entire record in this case, the Court reaffirms its findings in the Preliminary Approval Order and finds that Settlement Agreement is fair, reasonable, and adequate.

### A. The Proposed Settlement is Fair, Reasonable, and Adequate Under Rule 23.

The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23. As an initial matter, when presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil Procedure 23(a) and (b). Class certification is proper when the proposed class meets all the requirements of Rule 23(a) and one or more subsections of Rule 23(b). Rule 23(a) requires (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV. P. 23(a)(1)-(4). Rule 23(b)(3) requires that (1) "the

questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

The Court analyzed these factors in the Preliminary Approval Order and reaffirms them here. Specifically, the Court finds that all of the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the settlement class for settlement purposes only. The settlement class, which contains 17,796 potential members, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class Members; the claims of the Settlement Class Representative is typical of the claims of the absent Settlement Class Members; the Settlement Class Representative and Class Counsel have and will adequately and fairly protect the interests of the Settlement Class Members; and the common questions of law and fact predominate over questions affecting only individual class members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement.

Next, the Court must determine whether the proposal is fair, reasonable and adequate under Rule 23(e)(2), which provides as follows:

> If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and

11

adequate after considering whether:
> **(A)** the class representatives and class counsel have adequately represented the class;
> **(B)** the proposal was negotiated at arm's length;
> **(C)** the relief provided for the class is adequate, taking into account:
>> **(i)** the costs, risks, and delay of trial and appeal;
>> **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and
>> **(iv)** any agreement required to be identified under Rule 23(e)(3); and
>
> **(D)** the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

### 1.    The Class Members Were Adequately Represented.

The Court finds that Class Counsel have adequately represented the Settlement Class Members in accordance with Rule 23(e)(2)(A). Additionally, the interests of the Settlement Class Representative is aligned with those of the other members of the Class. Class Counsel investigated the facts and merits of the legal claims prior to the filing of the Complaint, and, during the over eight years of litigation, vigorously opposed Defendant's various motions which sought to deny class certification and to dismiss the claims raised by Plaintiff, including

12

representation during multiple appeals to the Eleventh Circuit. Class Counsel also engaged in significant discovery to support Plaintiff's claims. The Court has observed Class Counsel's diligence, ability, and experience through the filings in this case, in their presentation of the Settlement Agreement to this Court, and in their attention to matters of notice and administration after the announcement of the settlement.

### 2.     The Proposed Settlement Was Negotiated at Arm's Length.

Rule 23(e)(2)(B) is satisfied because the Settlement Agreement was not the product of fraud or collusion but negotiated at an arms-length fair negotiation process which began during a full-day mediation in April 2020 and then revisited prior to oral argument in the Eleventh Circuit in April 2023.

### 3.     The Relief Provided to the Class is Adequate.

In accordance with Rule 23(e)(2)(C), the Court finds that the relief provided to the class is adequate after considering all the factors contained in Rule 23(e)(2)(c)(i-iv). There is significant uncertainty as to whether Plaintiff could have succeeded on any remaining claim in litigation that has spanned over eight years. Moreover, continued litigation would likely involve additional significant attorneys' fees and expenses. The Settlement Agreement provides the Settlement Class Members a significant benefit in the form of a reversionary cash payment,

13

which, as indicated by Class Counsel, compares favorably to other TCPA settlements previously approved in this district. See Mot. for Final Approval at 8-9 (citing cases).

### 4. Class Members Are Treated Equally Relative to Each Other.

In accordance with Rule 23(e)(2)(D), the Settlement Agreement allocates the same pro rata share among Settlement Class Members.

The Court is satisfied that the Settlement Agreement meets the requirements of Rule 23(e)(2).

### B. The Proposed Settlement is Fair, Adequate, and Reasonable Under the Bennett Factors.

"[I]n order to approve a settlement, the district court must find that it 'is fair, adequate and reasonable and is not the product of collusion between the parties.'" Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) (quoting Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977)). In addition, to the Rule 23 factors, the United States Court of Appeals for the Eleventh Circuit has directed district courts to consider the following factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

14

Id.

Courts have substantial discretion in determining whether to approve a settlement agreement. Id. In exercising this discretion, the court should consider the "strong judicial policy favoring settlement as well as . . . the realization that compromise is the essence of settlement." Id. (citing United States v. City of Miami, 614 F.2d 1322, 1344 (5th Cir. 1980)).

In consideration of all the Bennett factors, this Court finds that the proposed Settlement Agreement provides the best practical means of providing relief to the Settlement Class Members. Given the procedural posture of this case, it was entirely possible that Plaintiff would not prevail in the appellate court and would be left with no recovery at all. The resolution of this case comes after over eight years of litigation. Even if Plaintiff prevailed on appeal, and the case was remanded again to this Court, the range of recovery remained unclear due to the lack of certainty as to the additional time required for a recovery or even the potential finality of such recovery. This case was complex, expensive, and time-consuming which, when combined with the uncertainty of recovery, meant that the range of possible recovery included amounts far less than those agreed to in the Settlement Agreement. Finally, the fact that no Settlement Class Member filed any

objection to the Settlement Agreement is a strong indicator as to its adequacy. All of the Bennett factors weigh in favor of granting final approval.

Based on the foregoing, the Court hereby finally **APPROVES** in all respects the Settlement Agreement, and finds that the Settlement Agreement is in all respects fair, reasonable, and adequate, and is in the best interest of the Settlement Class Members.

## IV.  ATTORNEYS' FEES AND EXPENSES

### A.  Attorneys' Fees

The Court finds that the parties' agreement with regard to the payment of fees was not negotiated while they were negotiating the other terms of the Settlement Agreement and that the agreement with regard to the payment of fees and expenses was not the product of collusion or fraud. The requested attorneys' fee of $146,666.67 is justified under the percentage of the common fund approach adopted by the Eleventh Circuit in Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991). The fee is one-third of the $440,000 non-reversionary Settlement Fund.

In approving the requested fee, the Court has carefully considered the factors listed in Camden I, including the time and labor involved; the novelty and difficulty of the questions involved; the skill needed to perform the services

16

properly; the preclusion of other employment; the customary fee; the fact that the fee was entirely contingent on a successful outcome; the time limitations imposed by the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; awards in similar cases; the absence of objections by Class Members; the risks undertaken by Class Counsel; the economics involved in prosecuting class actions; and the other relevant circumstances. Camden I, 946 F.2d at 772 n.3, 775. The requested award of one-third of the common fund is consistent with other fees awards in TCPA cases in this circuit. See Wreyford v. Citizens for Transportation Mobility, Inc., No. 1:12-CV-2524-JFK, 2014 WL 11860700, at *2 (N.D. Ga. Oct. 16, 2014) (approving an award of 33 1/3 percent); Cooper v. Nelnet, Inc., No. 6:14-CV-314-ORL, 2015 WL 4623700, at *3 (M.D. Fla. July 31, 2015) (approving an award amounting to 27.78% of the settlement fund) (and citing Guarisma v. ADCAHB Med. Coverages, Inc., Case No. 1:13–cv–21016 (S.D. Fla. June 24, 2015), Doc. 95 (granting an award "for fees and costs of one-third of the $4,500,000.00 settlement fund when the litigation proceeded for more than two years and required rigorous discovery and motion practice")).

The record shows that all of these factors support the requested fee of $146,666.67.

**B.     Expenses of Litigation**

Under Rule 23(h) of the Federal Rules of Civil Procedure, a trial court may award nontaxable costs that are authorized by law or the parties' agreement. FED. R. CIV. P. 23(h).  Class Counsel have submitted evidence in support of their request for reimbursement of $89,586.89 in costs, including incurring such costs over the course of the appellate oral arguments, filings, and different stages of this litigation over the past eight-plus years.  Decl. of Daniel M. Hutchison (Mar. 6, 2024) [Doc. 287-1] ¶; Decl. of Matthew R. Wilson (Mar. 6, 2024) [Doc. 287-2] ¶ 16.  The Court finds that these costs are reasonable and necessarily incurred on behalf of the Class Members.

**V.     CONCLUSION**

For the reasons set forth above, it is hereby **ORDERED** as follows;

(1)     The Court **CERTIFIES** the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e).

(2)     The Court **CONFIRMS** the appointment of Plaintiff Sebastian Cordoba to represent the Settlement Class Members, and Lieff Cabraser Heimann & Bernstein LLP and Meyer Wilson Co., LPA as Class Counsel.

(3) The Court finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements, and **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [Doc. 290].

(4) The Court **GRANTS IN PART and DENIES IN PART** Class Counsel's Motion for Attorneys' Fees and Expenses [Doc. 287]. The Motion is **GRANTED** with respect to the award of attorneys' fees and expenses, and the Court **AWARDS** attorney's fees in the amount of $146,666.67 and reimbursement of expenses in the amount oof $89,586.89. The Motion is **DENIED** with respect to the request for a Class Representative Incentive Award.

(5) The parties and Settlement Administrator are **DIRECTED** to carry out the Settlement Agreement according to its terms.

(6) The Clerk is **DIRECTED** to enter this Order on the docket and to notify the United States Court of Appeals for the Eleventh Circuit of

the entry of this Order, which shall serve as the final judgment in accordance with Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 20TH day of May, 2024.

_____
MARK H. COHEN
United States District Judge